1  Joseph D. Miller   State Bar No. 109032
   Leslie J. Mann     State Bar No. 95467
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone:    415.398.3500
4  Facsimile:    415.398.0955
   jmiller@ebglaw.com
5  lmann@ebglaw.com

6  Attorneys for Plaintiff and Counter-defendant
   Stiefel Laboratories, Inc.
7
   Mark A. Neubauer (SBN 73727)
8  Email: mneubauer@steptoe.com
   Dylan Ruga (SBN 235969)
9  Email: druga@steptoe.com
   STEPTOE & JOHNSON LLP
10 2121 Avenue of the Stars, Suite 2800
   Los Angeles, California 90067-5052
11 Ph: 310.734.3200
   Fax: 310.734.3300
12
   Attorneys for Defendant and Counter-Plaintiff
13 PIERRE FABRE DERMATOLOGIE

*E-FILED - 4/16/09*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| STIEFEL LABORATORIES, INC., a Delaware corporation,<br><br>            Plaintiff,<br>    v.<br>PIERRE FABRE DERMATOLOGIE,<br><br>            Defendants. | CASE NO. 5:08-cv-04764<br><br>**STIPULATION FOR DISMISSAL WITHOUT PREJUDICE AND ORDER** |
| PIERRE FABRE DERMATOLOGIE, a French corporation,<br><br>            Counterclaim/Plaintiff,<br>    v.<br>STIEFEL LABORATORIES, INC.,<br><br>            Counterclaim/Defendants. | |

IT IS HEREBY STIPULATED by and between the parties to this action through Plaintiff/Counter-Defendant Stiefel Laboratories, Inc. ("Stiefel") and Defendant/Counter-Plaintiff Pierre Fabre Dermatologie ("Pierre Fabre"), by and through their respective counsel, that

1. The instant action, including all counterclaims, shall be dismissed in its entirety without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2);

2. Any controversy, action or legal proceeding arising out of or relating to the License Agreement executed by Connetics, Inc. and Pierre Fabre in September 2004 and/or any amendment thereto ["the Agreement"] shall be brought exclusively in the United States District Courts for the Northern District of California. The parties intend this paragraph to be given the broadest interpretation to include all contract and tort actions by either of them or any affiliated party arising out of or relating to the Agreement;

3. This Court and its appellate courts shall have exclusive jurisdiction of any such action or legal proceeding and each party waives any objection to venue or jurisdiction in connection therewith. This Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the parties (Pierre Fabre is a French corporation with its principal place of business in Boulogne, France; Stiefel is a Delaware corporation with its principal place of business in Florida); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs;

4. In the event any controversy, action or legal proceeding arising out of or relating to the Agreement is brought or filed in any court other than the United States District Court for the Northern District of California, including any foreign tribunal, the filing party shall bear all reasonable costs and attorneys' fees incurred by the defending party to enforce this Stipulation and Order;

5. The statute of limitations for any such action or legal proceeding is tolled on the entry of this dismissal for a period of one year, but this provision shall operate prospectively only and have no effect on time already passed;

|    |    |
|---|---|
| 1  | 6. Persons with full power to resolve any and all controversies before the parties |
| 2  | shall meet in Paris on April 10, 2009 to attempt to resolve the issues pertaining to their |
| 3  | relationship. Neither party shall have a lawyer present. The discussions attempting to resolve |
| 4  | these issues are entitled to all of the protections of California Evidence Code 1152 and Federal |
| 5  | Rule of Evidence 408. If the parties are unsuccessful in executing a written agreement |
| 6  | confirming a resolution to their mutual satisfaction within 2 months from the date of execution of |
| 7  | this Stipulation (which time can be extended by mutual written agreement), the parties shall |
| 8  | thereafter within 2 months engage in a mediation in London, England. The purpose of the |
| 9  | mediation is to reach a resolution of all controversies between the parties. The mediator fees |
| 10 | shall be borne equally by the parties and each party shall each bear its own costs and attorneys' |
| 11 | fees for the mediation. The mediator shall be chosen by agreement between the parties. The |
| 12 | time for this mediation may be extended up to 2 additional months by mutual written agreement. |
| 13 | // |
| 14 | // |
| 15 | // |
| 16 | // |
| 17 | // |
| 18 | // |
| 19 | // |
| 20 | [THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK] |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

7. Each party bears its own costs and attorneys' fees incurred in this action.

IT IS SO STIPULATED.

DATED: April 6, 2009

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Leslie J. Mann
   Joseph D. Miller
   Leslie J. Mann
Attorneys for Plaintiff and Counter-Defendant
Stiefel Laboratories, Inc.

DATED: April 6, 2009

STEPTOE & JOHNSON LLP

By: *Mark A. Neubauer* (signature)
   Mark A. Neubauer
   Dylan Ruga
Attorneys for Defendant
PIERRE FABRE DERMATOLOGIE

IT IS SO ORDERED.

DATED: 4/16/09

*Ronald M. Whyte* (signature)
UNITED STATES DISTRICT COURT JUDGE